IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| LARRY ROBERT MOSS and MELINDA FAYE MOSS, | |
| Plaintiffs, | Civil Action File No.: 1:13-CV-00086 |
| v. | |
| NATIONAL ASSOCIATION OF CHRISTIAN ATHLETES, WORD MISSIONS INTERNATIONAL, FORT BLUFF CAMP, BRYAN COLLEGE, and JOHN DOES 1-5, | |
| Defendants. | |

## DEFENSES AND ANSWER OF NATIONAL ASSOCIATION OF CHRISTIAN ATHLETES

COME NOW, National Association of Christian Athletes ("NACA"), named Defendant in the above styled action, and files the following Defenses and Answer to Plaintiffs' Complaint, showing the Court as follows:

### FIRST DEFENSE

The Complaint fails to set forth a claim against this Defendant upon which relief can be granted.

### SECOND DEFENSE

For a Second Defense, the Defendant answers the numbered paragraphs of the Complaint as follows:

### I. INTRODUCTORY STATEMENT

In response to unnumbered Paragraph 1 of the Introductory Statement, no response is required from this Defendant. To the extent a response is required, Defendant

denies each and every allegation contained in unnumbered Paragraph 1 of the Introductory Statement.

In response to unnumbered Paragraph 2 of the Introductory Statement, Defendant admits Plaintiff Larry Moss came to Fort Bluff on July 4, 2012 along with some of his fellow Church members.  Defendant further admits Mr. Moss participated in the obstacle course known as "The Crucible."  Defendant further admits that instructions are given to participants regarding participating in subject activity.  Defendant denies the remaining allegations contained in unnumbered Paragraph 2 of the Introductory Statement.

In response to unnumbered Paragraph 3 of the Introductory Statement regarding Mr. Moss's injuries, Defendant is without sufficient knowledge or information to admit or deny the extent of Mr. Moss's injuries.  Defendant denies the remaining allegations contained in this unnumbered Paragraph.

In response to unnumbered Paragraph 4 of the Introductory Statement, Defendant denies the allegations contained therein.

In response to unnumbered Paragraph 5 of the Introductory Statement, Defendant denies it was negligent.  In response to the remaining allegations in this paragraph, Defendant is without sufficient knowledge or information to admit or deny the allegations contained therein.

In response to unnumbered Paragraph 6 of the Introductory Statement, Defendant is without sufficient knowledge or information to admit or deny the allegations contained therein.

In response to unnumbered Paragraph 7 of the Introductory Statement, Defendant denies it was negligent. Defendant is without sufficient knowledge or information to admit or deny the remaining allegations contained therein.

In response to unnumbered Paragraph 8 of the Introductory Statement, Defendant denies the allegations contained therein.

## II. PARTIES

1.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 1 of the Complaint and, therefore, cannot admit or deny same.

2.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 2 of the Complaint and, therefore, cannot admit or deny same.

3.

Defendant admits that it is a Delaware corporation authorized to do business in the State of Tennessee. Defendant admits its registered agent is Vance Berger and his address is 370 Fort Bluff Camp Road, Dayton, Tennessee 37321-6459. Defendant further admits that the Secretary of State for Tennessee erroneously lists World Missions International as an assumed name for NACA. Defendant denies the remaining allegations contained in Paragraph 3. By way of further response, Defendant denies that it does business as Fort Bluff Camp and/or World Missions International.

4.

In response to Paragraph 4, Defendant denies Fort Bluff Camp is owned by Bryan College. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in Paragraph 4 of the Complaint and, therefore, cannot admit or deny same.

5.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 5 of the Complaint and, therefore, cannot admit or deny same.

III.  JURISDICTION AND VENUE

6.

Defendant admits the amount Plaintiffs seek exceeds $75,000, exclusive of interest and costs, but deny that Plaintiffs are entitled to recover that or any amount from this Defendant. Defendant further admits 28 U.S.C. § 1332 provides subject matter jurisdiction before this Court where the parties are completely diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in Paragraph 6 of the Complaint and, therefore, cannot admit or deny same.

7.

Defendant admits the allegations contained in Paragraph 7 of the Complaint.

8.

As to this Defendant, Defendant admits the allegations contained in Paragraph 8 of the Complaint.

IV.  <u>FACTS</u>

9.

Regarding the allegations contained in Paragraph 9, Defendant admits Plaintiff Mr. Moss and members from his Church participated in the obstacle course.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in Paragraph 9 of the Complaint and, therefore, cannot admit or deny same.

10.

Regarding the allegations contained in Paragraph 10, Defendant admits that participants such as Mr. Moss are given proper instructions on how negotiate certain aspects of the obstacle course.  Defendant further admits that the subject station consists of a raised platform and a foam landing mat/pad.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments regarding Mr. Moss's injuries, and therefore, cannot admit or deny same.  Defendant denies the remaining allegations contained in Paragraph 10 of the Complaint.

11.

Defendant admits the allegations contained in Paragraph 11 of the Complaint.

12.

In response to Paragraph 12, Defendant denies Fort Bluff Camp is owned by Bryan College. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in Paragraph 12 of the Complaint and, therefore, cannot admit or deny same.

13.

Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14.

Defendant denies Paragraph 14 of the Complaint

15.

Regarding the allegations contained in Paragraph 15, Defendant admits that Tennessee law confers certain duties upon property owners. Defendant denies they breached any duty owed to Plaintiffs.

16.

Regarding the allegations contained in Paragraph 16, Defendant admits Mr. Moss participated in the obstacle course. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in Paragraph 16, and therefore, cannot admit or deny same.

17.

Regarding the allegations contained in Paragraph 17, Defendant admits Mr. Moss was allowed to participate in the obstacle course. Defendant denies it failed to provide

proper equipment to participants in the obstacle course and further deny any hazards existed on the obstacle course.

18.

Regarding the allegations contained in Paragraph 18, Defendant admits that one of the stations in the obstacle course consisted of a raised platform and a foam landing pad/mat. Defendant denies the remaining allegations contained in Paragraph 18 of the Complaint.

19.

Regarding the allegations contained in Paragraph 19, Defendant admits one of the stations in the obstacle course contained a foam landing pad/mat. Defendant denies the remaining allegations contained in Paragraph 19 of the Complaint.

20.

Defendant denies the allegations contained in Paragraph 20. The subject station was equipped with a foam landing mat/pad.

21.

Regarding the allegations contained in Paragraph 21, Defendant admits that Mr. Moss, along with the other participants, was given instructions on how to dismount the raised platform. Defendant denies the remaining allegations contained in Paragraph 21 of the Complaint.

22.

Defendant denies the allegations contained in Paragraph 22 and further deny that the landing mat/pad was inadequate.

23.

Regarding the allegations contained in Paragraph 23, Defendant denies the subject station was unsafe or designed improperly. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in Paragraph 23, and therefore cannot admit or deny same.

24.

Regarding the allegations contained in Paragraph 24, Defendant denies the subject station was unsafe, designed improperly, or constructed improperly. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments Paragraph 24, and therefore cannot admit or deny same.

25.

Regarding the allegations contained in Paragraph 25, Defendant denies it failed to inspect the subject station. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 25, and therefore cannot admit or deny same.

26.

Regarding the allegations contained in Paragraph 26, Defendant denies the subject station had an inadequate landing mat/pad. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 26, and therefore cannot admit or deny same.

Case 1:13-cv-00086-HSM-WBC   Document 14   Filed 05/17/13   Page 8 of 18   PageID #: 55

27.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 27, and therefore cannot admit or deny same.

28.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 28, and therefore cannot admit or deny same.

29.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 29, and therefore, cannot admit or deny same.

30.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 30, and therefore cannot admit or deny same.

31.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 31, and therefore cannot admit or deny same.

32.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 32, and therefore cannot admit or deny same.

33.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 33, and therefore cannot admit or deny same.

34.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 34, and therefore cannot admit or deny same.

35.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 35, and therefore cannot admit or deny same.

36.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 36, and therefore cannot admit or deny same.

37.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 37, and therefore, cannot admit or deny same, but to the extent that Plaintiff Larry Moss makes any allegation of negligence against this Defendant, all such allegations are denied.

38.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 38, and therefore cannot admit or deny same.

39.

Defendant denies the allegations contained in Paragraph 39 of the Complaint.

## V. <u>CAUSES OF NEGLIGENCE</u>

### A. NEGLIGENCE

### 40.

Defendant realleges every response in the foregoing paragraphs as if fully set forth herein.

### 41.

Regarding the allegations contained in Paragraph 41, Defendant admits it owned, controlled and managed the subject premises. It further admits it inspected the subject premises. Defendant denies the remaining allegations contained in Paragraph 41 of the Complaint.

### 42.

Defendant denies as plead the allegations contained in paragraph 42.

### 43.

Regarding the allegations contained in Paragraph 43, Defendant admits it owed certain duties under Tennessee law to invitees. Defendant denies the breached any such duties. Defendant admits it owns, controls or manages the subject property.

### 44.

Defendant denies the allegations contained in Paragraph 44.

### 45.

Defendant denies the allegations contained in Paragraph 45, including each and every subparagraph therein.

46.

Regarding the allegations contained in Paragraph 46, Defendant denies it was negligent. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 46, and therefore cannot admit or deny same.

47.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 47, and therefore cannot admit or deny same.

48.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 48, and therefore cannot admit or deny same.

49.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 49, and therefore, cannot admit or deny same.

B.  GROSS NEGLIGENCE

50.

Defendant realleges every response in the foregoing paragraphs as if fully set forth herein.

51.

Defendant denies the allegations contained in Paragraph 51.

52.

Defendant denies the allegations contained in Paragraph 52.

53.

Defendant denies the allegations contained in Paragraph 53.

## C. NEGLIGENT HIRING AND RETENTION

54.

Defendant realleges every response in the foregoing paragraphs as if fully set forth herein.

55.

Defendant denies the allegations contained in Paragraph 55.

56.

Defendant denies the allegations contained in Paragraph 56.

57.

Defendant denies the allegations contained in Paragraph 57.

58.

Defendant denies the allegations contained in Paragraph 58.

59.

Defendant denies the allegations contained in Paragraph 59.

## D. LOSS OF CONSORTIUM

60.

Defendant realleges every response in the foregoing paragraphs as if fully set forth herein.

61.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 61, and therefore cannot admit or deny same.

62.

Defendant denies the allegations contained in Paragraph 62.

63.

Defendant denies the allegations contained in Paragraph 63.

VI. <u>PRAYER FOR RELIEF</u>

Defendant prays that each and every allegation contained in the ad damnum clause of the Complaint, including each and every subparagraph therein be denied. Defendant further prays that the costs of this action be cast against Plaintiffs. Any allegation of the Complaint not admitted, denied or otherwise responded to above is hereby denied.

<u>THIRD DEFENSE</u>

Defendant is not liable to Plaintiff Larry Moss because Defendants breached no duty owed to Mr. Moss.

<u>FOURTH DEFENSE</u>

The damages claimed by Plaintiff Larry Moss, if any, were caused by his own contributory and comparative negligence.

<u>FIFTH DEFENSE</u>

Plaintiff Larry Moss, by the exercise of ordinary care, could have avoided the consequences of any act or failure to act of Defendant.

<u>SIXTH DEFENSE</u>

Defendant is not liable to Plaintiff Larry Moss because the negligence of Plaintiff equaled or preponderated over any acts or omissions of Defendant in producing or in bringing about the occurrence complained of, but Defendant denies that any act of Defendant produced, brought about, caused, or contributed to in any manner whatsoever the occurrence complained of in the Complaint.

<u>SEVENTH DEFENSE</u>

The claims of Plaintiff Larry Moss should be limited and/or barred by the doctrine of assumption of risk.

<u>EIGHTH DEFENSE</u>

Plaintiff Larry Moss's injuries, if any, were caused by an unforeseeable intervening third party tortfeasor and/or the acts and failure to act of persons or entities other than Defendant.

<u>NINTH DEFENSE</u>

Plaintiffs' Complaint should be dismissed based on T.C.A. § 70-7-101 et. seq.

<u>TENTH DEFENSE</u>

Defendant is not liable because no hazard existed on the premises.

<u>ELEVENTH DEFENSE</u>

Defendant is not liable because Defendant lacked knowledge that any hazard existed on the premises.

TWELFTH DEFENSE

Defendant is not liable because the alleged hazard on the premises was open and obvious.

THIRTEENTH DEFENSE

Plaintiffs are not entitled to recover from Defendant because Defendant committed no negligent or intentional act or omission which caused or contributed to the Plaintiffs' alleged injury or damages.

FOURTEENTH DEFENSE

Plaintiffs are not entitled to recover from Defendant because Defendant made no representation or warranty of safety with respect to the use of equipment on the obstacle course.

FIFTEENTH DEFENSE

Plaintiff Larry Moss's alleged injuries or damages were caused by a legal accident.

WHEREFORE, having fully answered, Defendant prays that the Complaint be dismissed with costs of this action cast against the Plaintiffs.

***[SIGNATURE ON FOLLOWING PAGE]***

Respectfully submitted this 17th day of May, 2013.

> Goodman McGuffey Lindsey & Johnson, LLP
> Attorney for National Association of Christian Athletes
> and Fort Bluff Camp

By:     *s/ Judy Farrington Aust*
        JUDY FARRINGTON AUST
        GA State Bar No.:  028590
        jaust@gmlj.com
        3340 Peachtree Road NE, Suite 2100
        Atlanta, GA 30326-1084
        Phone: (404) 264-1500
        Fax:   (404) 264-1737
        *admitted pro hac vice*

DEFENDANT DEMANDS
TRIAL BY JURY

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| LARRY ROBERT MOSS and MELINDA FAYE MOSS, <br><br>     Plaintiffs, <br><br> v. <br><br> NATIONAL ASSOCIATION OF CHRISTIAN ATHLETES, WORD MISSIONS INTERNATIONAL, FORT BLUFF CAMP, BRYAN COLLEGE, and JOHN DOES 1-5, <br><br>     Defendants. | Civil Action <br> File No.:      1:13-CV-00086 |

## CERTIFICATE OF SERVICE

This is to certify that I electronically filed this  with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

| | | |
|---|---|---|
| Scott D. Delius, Esq. <br> Delius Law Firm, P.C. <br> 2020 Howell Mill Road, <br> Suite C-290 <br> Atlanta, GA 30318 <br> sdelius@deliuslaw.com | Mark E. Murray, Esq. <br> The Murray Law Firm <br> 51 Lenox Pointe <br> Atlanta, GA 30324 <br> mmurray@murraylegal.com | Joseph M. Huffaker, Esq. <br> Lewis, King, Krieg & <br> Waldrop, P.C. <br> 424 Church Street, Suite <br> 2500 <br> Nashville, TN 37219 <br> jhuffaker@lewisking.com |

This 17th day of May, 2013.

By:    *s/ Judy Farrington Aust*
           JUDY FARRINGTON AUST
           GA State Bar No.:  028590
           jaust@gmlj.com